IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE D. SOUTHARD, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-333-ECM-SMD |
| | ) | |
| D. Bridges, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Joe D. Southard, II, filed this action on June 2, 2022. Compl. (Doc. 1). Federal Rule of Civil Procedure 4(m) mandates that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. FED. R. CIV. P. 4(m). The undersigned previously entered two orders advising Southard of this rule. Orders (Docs. 14, 16). In the most recent order, the undersigned ordered Southard to effectuate service of process on Defendants D. Bridges and J. Dodson (collectively "Defendants") on or before March 31, 2023, or otherwise show cause why Defendants should not be dismissed without prejudice pursuant to Rule 4(m). Order (Doc. 16) p. 1. Southard was advised that should he fail to serve Defendants or otherwise show cause, the undersigned would recommend that the claims against Defendants be dismissed without prejudice for failure to prosecute and/or abide by Court orders. *Id.* at 1-2.

Presently, it appears a summons has been issued as to Defendant D. Bridges and Defendant J. Dodson, but service has not been effectuated. *See* Summons (Doc. 9); Summons Unexecuted (Doc. 11); Summons Unexecuted (Doc. 12). Further, Southard has

not shown cause why Defendants should not be dismissed without prejudice. Accordingly, pursuant to Rule 4(m), the undersigned

RECOMMENDS that Southard's Complaint (Doc. 1) be dismissed without prejudice for failure to prosecute and abide by orders of the Court. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 26, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of April, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE